# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RAYMOND D. ANDERSON                                                                        PETITIONER

v.                                          5:15CV00183-DPM-JJV

DEPARTMENT OF HUMAN SERVICES                                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

Case 5:15-cv-00183-DPM   Document 13   Filed 09/09/15   Page 2 of 5

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2012, Mr. Anderson was arrested for possession of a firearm by certain persons and aggravated assault on family or household member. (Doc. No. 3-1.) On December 1, 2014, the Jefferson County Circuit Court found Mr. Anderson not guilty by reason of mental disease or defect and entered a judgment of acquittal in the criminal case.[1] (Doc. No. 3-2 at 5.) In the judgment, the court summarized the facts of the case as follows:

> The defendant was living with his father, Larry Anderson, in his father's home at the time of the offense. The defendant was playing loud music in his bedroom, and when his father told him to turn the music down, the defendant entered the living room carrying a shotgun, asked if his father was Larry Anderson, then fired the gun toward his father. Larry Anderson left the house and called the police, and when the police located the defendant, he stated that he never had a weapon, and that the man in the residence was his father's twin who was pretending to be the defendant's father. The defendant was arrested, and police located a 12-gauge shotgun in the top of the closet across from the defendant's bedroom.

(*Id.* at 3.) Mr. Anderson underwent three[2] pretrial psychological evaluations to determine if he was mentally capable of understanding the criminality of his conduct, or if he had the mental capacity to participate in his defense. The third evaluation, completed on June 13, 2014, determined that at

---

[1] 35CR-2013-106

[2] Mr. Anderson refused to fully participate in the first examination held on April 18, 2013, so the doctor deferred the determination of mental disease or defect. (Doc. No.3-1 at 29.)

the time of the offense, Mr. Anderson "lacked the capacity to appreciate the criminality of his conduct" and "lacked the capacity to conform his conduct to the requirements of the law." (Doc. No. 3-1 at 154-155.) Based on this determination, the circuit court acquitted Mr. Anderson and committed him to the custody of the Department of Human Services (DHS). He remained in DHS custody until he was conditionally released to Mid-South Health Systems on July 10, 2015. (Doc. No. 3-2 at 20-21.)

On June 8, 2015, Mr. Anderson filed the instant Petition for Writ of Habeas Corpus (Doc. No. 1) seeking release on his own recognizance. Respondent answered with a Motion to Dismiss for Lack of Jurisdiction (Doc. No. 3) and Brief in Support. (Doc. No. 4.) Given the fact that Mr. Anderson was released from DHS custody to Mid-South Health Systems, it appeared the question of "custody" may have been resolved. So I asked the parties to state whether or not the issue had been resolved. (Doc. No. 8.) Petitioner responded (Doc. No. 11) that he was still seeking a ruling on his Petition. The Department of Human Services replied, seeking dismissal based on a lack of jurisdiction and failure to state a claim upon which relief may be granted. (Doc. No. 12.)

Now after careful consideration of the pleadings, I find, for the following reasons, Mr. Anderson's Petition for Writ of Habeas Corpus should be dismissed with prejudice.

II.     ANALYSIS

The question of custody is murky given Mr. Anderson's conditional release to Mid-South Health Systems. Although he is technically no longer in DHS custody, it appears the state still has a grasp on Mr. Anderson through his "confinement" at Mid-South Health Systems. Therefore, I believe the prudent course of action is to look to the merits of Mr. Anderson's claims.

Giving Petitioner all benefit of the doubt and reading the Petition as liberally as possible, I find dismissal of the Petition is required. Mr. Anderson does not articulate any grounds for which

3

relief may be granted. His Petition does not provide facts that suggest his constitutional rights have been violated in any way. In the Petition, Mr. Anderson lists his previous 42 U.S.C. § 1983 complaints filed in the Eastern District of Arkansas and the grounds of those cases, including double jeopardy[3] and government-assisted abduction.[4] He does not include any grounds for relief, but states as supporting facts:

> I was trial with a Habeas corpus writ post bench trial that was filed at a preliminary Hearing February 6, 2013 at Jefferson County Chancery-District Court; where I was found not guilty due to lack of sufficiency, as a probable cause case #2012-0342-1.

(Doc. No. 1 at 5.) The best I am able to deduce from this statement is that Mr. Anderson is confused about his civil commitment because he believes he was found not guilty. He later added that his case was supposed to be closed and filed his bail slip from December 2012 as evidence to support his claim. (Doc. No. 11.)

It is understandable that Mr. Anderson questions his confinement to a mental health facility after being acquitted. But his Petition simply does not present any constitutional claims. Therefore, the Petition should be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Anderson's claims are meritless, and he has failed to make a showing that his constitutional rights were violated. Therefore, a certificate of appealability will not be issued.

---

[3] Anderson v. State of Arkansas, 4:13CV00150-KGB

[4] Anderson v. Jones, et al., 4:14CV00686-BSM

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No.1) be DISMISSED with prejudice;

2. Respondent's Motion to Dismiss be GRANTED (Doc. No. 3); and

3. A certificate of appealability should not be issued.

DATED this 9th day of September, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE